UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHEN CHRISTINE KENNY,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 17-cv-02245-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 27 |

Plaintiff's counsel, Young Cho of the Law Offices of Lawrence D. Rohlfing, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in her successful appeal of the Commissioner of the Social Security Administration's ("Commissioner's") denial of social security disability benefits. (Dkt. No. 27.) The Commissioner's response does not oppose Plaintiff's request for fees. After careful consideration of Plaintiff's motion and the relevant legal authority, the Court GRANTS the motion for attorney's fees pursuant to Section 406(b).

**BACKGROUND**

This case stems from Plaintiff's appeal of the SSA's denial of social security benefits for a combination of mental and physical impairments, including: status post lumbar fusion; status post numerous ankle surgeries; status post right clavicle surgery; complex regional pain syndrome; and mental health issues. On July 20, 2018, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross-motion for summary judgment, and remanded for further proceedings. (Dkt. No. 23.[1]) On September 24, 2018, pursuant to the parties' stipulation, the Court awarded $4,800 in fees to Plaintiff's counsel under to the Equal Access to Justice Act

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 26.)

On June 24, 2019, Plaintiff appeared for a further hearing before Administrative Law Judge Julia Mariani. (Dkt. No. 27-2 at 6.) On August 6, 2019, the ALJ issued a decision finding that Plaintiff was disabled as of her disability onset date of August 18, 2012. (*Id*. at 12.) On March 5, 2020, Plaintiff was notified that she had been awarded disability benefits and that she was owed $127,690.60 in past due benefits.[2] (Dkt. No. 27-3.) Social Security has withheld $31,503.50 from Plaintiff's past due award for attorney's fees. (*Id*. at 4.) Plaintiff's counsel thereafter filed the now pending motion for attorney's fees. (Dkt. No. 27.) Pursuant to Plaintiff and her counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 27-1.) Counsel accordingly requests fees in the amount of $21,000 which represents approximately 16% of Plaintiff's past-due benefits. Plaintiff's counsel served Plaintiff with a copy of the motion for attorney's fees and supporting papers, but Plaintiff has not filed a response or raised any objections to the fee request. (Dkt. No. 27 at 2.) The Commissioner filed a response taking no position on the reasonableness of the fees sought. (Dkt. No. 28.)

## LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g*., *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

---

[2] Plaintiff states that the amount of past due benefits awarded was $126,014, but according to the March 5, 2020 benefits notice, Plaintiff's past due benefits payment was for $96,187.10 and the Agency separately withheld $31,503.50 from her past due benefits award. (*Compare* Dkt. No. 27 at 4 *with* Dkt. No. 27-3 at 2, 4.)

2

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**ANALYSIS**

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b) as the agreement provides that counsel will not ask for a fee of more than 25 percent of total past-due benefits awarded. (Dkt. No. 27-1.) Further, counsel in fact seeks an award of less than that amount as counsel's requested fees represent 16 percent of the total past-due benefits award.[3]  Second, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved

---

[3] Plaintiff's counsel indicates that Plaintiff's administrative representative also intends to seek fees in the amount of $9,984 for work performed before the Agency following remand.  (Dkt. No. 27 at 13-14.)  The Commissioner notes that if the combined fees exceed the amount withheld, Plaintiff must seek these fees from Plaintiff directly because "[t]he Commissioner can only facilitate payment of fees to Counsel on Plaintiff's behalf to the extent that any withheld past-due benefits are available and unexhausted."  (Dkt. No. 28 at 5.)  Plaintiff's counsel, however, represents that when the amounts are combined the total fees will be below 25 percent of the past due benefits award.

favorable results for Plaintiff as he succeeded in having the Court remand this matter for further proceedings. Nor is the amount of fees, $21,000, excessive in relation to the past-due benefits award of $127,690.60. *See, e.g.*, *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action. (Dkt. No. 27-1.) At that time, the Agency had completely denied Plaintiff any requested benefits, and counsel could not know that the Court would remand to the Commissioner.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $21,000.00, payable to the Law Offices of Lawrence D. Rohlfing. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $4,800.00, to Plaintiff.

**IT IS SO ORDERED.**

Dated: April 15, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge